IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMBERLI KUNA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> WOLF DALE SAFKO, individually, ) <br> and TURN KEY HEALTH CLINICS, ) <br> LLC, ) <br> ) <br> Defendants. ) | Case No. CIV-20-00513-JD |

## AMENDED COMPLAINT

COME NOW, Amberli Kuna, by and through counsel of record, M. Michael Arnett, files and for her causes of action against the above-named Defendants, allege and state as follows:

## INTRODUCTION

This civil rights action involves the nonconsensual sexual assault of the Plaintiff, Amberli Kuna, by Defendant, Wolf Dale Safko, who to the knowledge and belief of the Plaintiff, was employed at the time of the incidents complained of herein with the Oklahoma County Sheriff's office and Turn Key Health Clinics, LLC.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Amberli Kuna is a citizen of the State of Oklahoma and resides within the Western District of Oklahoma.

2. Defendant Wolf Dale Safko ("Safko") is a citizen of the State of Oklahoma and resides within the Western District of Oklahoma. At the time of the

sexual assault complained of herein, and to the knowledge and belief of the Plaintiff, Defendant, Safko, was an employee of Turn Key Health Clinics working under the Oklahoma County Sheriff's office.

3. Defendant, Turn Key Health Clinics, LLC, is an Oklahoma Limited Liability Company, whose registered agent is Jesse White, 900 NW 12th St., Oklahoma City, OK 73106.

4. Upon knowledge and belief, Turn Key Health Clinics, LLC was the medical contractor for the Oklahoma County Sheriff's Office, at the Oklahoma County Detention Center, and the employer of Defendant, Safko, at all times relevant.

5. This case concerns a sexual assault that occurred in Oklahoma County, Oklahoma within this District.

## FACTUAL BACKGROUND

6. Paragraphs 1 through 5 are adopted and incorporated herein by reference.

7. Having been previously convicted of a felony offense and sentenced to imprisonment within the Oklahoma Department of Corrections ("DOC"), Ms. Kuna was transferred to the Oklahoma County Detention Center ("OCDC") pursuant to a Writ of Habeas Corpus Ad Testificandum on January 12, 2018.

8. Ms. Kuna was not transferred back to the DOC facility of Mabel Bassett Correctional Center until April 9, 2019.

9. During her stay at OCDC, Defendant Safko, to the knowledge and belief of Plaintiff, while acting as an Turn Key Health Clinics, LLC employee, would enter Ms. Kuna's cell and engage in non-consensual sexual acts with Ms. Kuna. This occurred three times between July 15-21, 2018, and once on August 8, 2018.

10. To the knowledge and belief of Plaintiff, the Defendant Safko was acting in his role as an employee for Turn Key Health Clinics.

11. In addition to engaging in these sexual acts; Defendant Safko would touch Ms. Kuna's breast, buttocks, and vagina in a lustful and sexual manner.

12. Pursuant to a criminal investigation, Defendant Safko admitted that Ms. Kuna had performed oral sex on him on two (2) separate occasions and touched her breast and buttocks.

13. On or about December 10, 2018, Defendant Safko was charged in Oklahoma County, State of Oklahoma with four (4) felony counts. Counts 1 & 2: Sexual Battery, in violation of 21O.S. § 1123(B); Counts 3 & 4: Forcible Oral Sodomy, in violation of 21 O.S. § 888.

14. On or about December 4, 2019, Defendant Safko entered a plea of guilty to Counts 3 & 4. Counts 1 & 2 were dismissed.

15. On October 16, 2020, Defendant Safko was sentenced, in both counts 3 and 4, to seven (7) years in the Department of Corrections, with all but the first 180 days suspended, both counts running concurrently.

## CAUSES OF ACTION
## COUNT I - CRUEL AND UNUSUAL PUNISHMENT
### (By Plaintiff Amberli Kuna Against Defendants Safko and Turn Key Health Clinics, LLC) (Eighth Amendment, U.S. Constitution; 42 U.S.C. § 1983; Article II, § 9, Oklahoma Constitution)

16. Paragraphs 1 - 15 are adopted and incorporated herein by reference.

17. At the time of the complained non-consensual sexual acts, Amberli Kuna had a clearly established right under both the Eighth Amendment to the U.S. Constitution and Article II, § 9 of the Oklahoma Constitution to be free from cruel or unusual punishment from sexual acts by Turn Key Health Clinics, LLC and its employees working at the Oklahoma County Jail.

18. Any reasonable employee of Turn Key Health Clinics, LLC, employed at the Oklahoma County Jail would know of this right.

19. At the time these sexual acts were committed by Defendant Safko, Ms. Kuna was in a vulnerable position as an inmate with Defendant Safko having authority over Ms. Kuna's actions. Ms. Kuna did not consent to these sexual assaults and unlawful advances.

20. The sexual acts involved reckless and deliberate indifference to Ms. Kuna's federally protected rights and rights guaranteed under the Oklahoma Constitution.

21. As a direct and proximate result of Defendant Safko's unlawful conduct, Ms. Kuna has suffered actual physical injuries and mental and physical pain and suffering entitling her to recover compensatory and special damages in amounts to be determined at trial.

22. The Plaintiff, Amberli Kuna, is entitled to recover punitive damages on her constitutional claims, as Defendant Safko's conduct, acts, and omissions constituted reckless or callous indifference to Amberli Kuna's rights protected by both federal and Oklahoma law.

### COUNT II - EXCESSIVE USE OF FORCE
### (By Plaintiff Amberli Kuna Against Safko)
### (Fourth Amendment, U.S. Constitution; 42 U.S.C. § 1983; Art 2., § 30 Oklahoma Constitution)

23. Paragraphs 1 - 22 are adopted and incorporated herein by reference.

24. At the time of the complained sexual assaults, Amberli Kuna had a clearly established constitutional right under both the Fourth Amendment to the U.S. Constitution and Article 2, § 30 of the Oklahoma Constitution to be secure in her person and free from unreasonable seizure through objectively unreasonable excessive force by sexual acts. Any reasonable sheriff employee or guard knew or should have known of these well- established rights at the time of the complained of sexual acts.

25. At the time of the complained sexual assaults, Ms. Kuna was unarmed, incarcerated, and unable to escape; she did not pose any threat to anyone.

26. The use of force by Defendant Safko, in a lewd, lascivious, and sexual manner towards Ms. Kuna, was objectively excessive and unreasonable.

27. As a direct and proximate result of Defendant Safko's unlawful conduct, Ms. Kuna has suffered actual physical injuries and mental and physical pain and

suffering entitling her to recover compensatory and special damages in amounts to be determined at trial.

28. The Plaintiff, Amberli Kuna, is entitled to recover punitive damages on her constitutional claims, as Defendant Safko's conduct, acts, and omissions constituted reckless or callous indifference to Amberli Kuna's rights protected by both federal and Oklahoma law.

### **COUNT III - SUPERVISOR LIABLITY**
**(By Plaintiff Amberli Kuna, Against Turn Key Health Clinics, LLC) (42 U.S.C. § 1983)**

29. Paragraphs 1 through 28 are adopted and incorporated herein by reference.

30. There is an affirmative link between the Eighth Amendment violation and the excessive force of sexual acts by Defendant Safko and the policies, practices, procedure and/or customs which Turn Key Health Clinics, LLC, promulgated, created, and implemented for which they were responsible on behalf of the Oklahoma County Sheriff's Office as the medical contractor.

31. Turn Key Health Clinics, LLC, are required to take action to properly train and supervise their employees and agents and prevent their unlawful actions, but to the knowledge and belief failed to do so in this case to an extent that amounts to deliberate indifference to the welfare of the persons with whom the employees come into contact. To the knowledge and belief of the Plaintiff, Defendant Safko engaged in the about-descried conduct pursuant to these policies, practices, procedures, and customs.

32. Turn Key Health Clinics, LLC, was required to implement policies and train their employees with respect to not having sexual contact or sexually forcing themselves upon inmates. To the knowledge and belief of Plaintiff, none of these of polices were employed by Defendant Safko which resulted in the cruel and unusual punishment and sexual assaults toward Ms. Kuna. Turn Key Health Clinics, LLC's conduct in this regard rises to the level of deliberate indifference.

33. Turn Key Health Clinics, LLC, also knew that absent the adoption of specific and/or adequate policies, procedures, and tactics governing sexual activates and acts towards inmates, it was highly predictable that such failure to train and supervise would lead to violations of the constitutional rights of those individuals and could likely result in otherwise avoidable injury to such individuals.

34. Inadequate training and supervision of Defendant Safko about the proper procedures to be used in not being sexually involved with inmates was so likely to result in grave constitutional injury to individuals that the failure to provide adequate training and supervision to Defendant Safko in these areas constituted a deliberate indifference to and acquiescence in the injury and harm to Ms. Kuna to the knowledge and belief of Plaintiff.

35. Turn Key Health Clinics, LLC's failure to ensure and accomplish or enforce such proper training resulted in Defendant Safko's sexual acts towards Ms. Kuna violating her right against cruel and unusual punishment and her right

to be free from sexual assault in violation of the U.S. and Oklahoma Constitutions.

36. To the information, knowledge and belief of Plaintiff, there is an affirmative link between the unconstitutional acts of Defendant Safko and Turn Key Health Clinic's failure to accomplish, enforce, and monitor Defendant Safko's awareness of and compliance with proper training and procedures.

37. As a direct and proximate result of the Defendants' conduct, Plaintiff Amberli Kuna is entitled to recover actual damages against Turn Key Health Clinics, LLC and both actual and punitive damages against Wolf Safko.

WHEREFORE, based upon the foregoing, Plaintiff prays that this Court grant her the relief sought above, including but not limited to actual and punitive damages in excess of $75,000.00 with interest, costs, and a reasonable attorney's fee, along with such other relief as the Court deems just and equable.

Respectfully Submitted,

/s/ M. Michael Arnett
M. Michael Arnett, OBA #12071
ARNETT LAW FIRM
3133 N.W. 63rd St.
Oklahoma City, OK 73116
Telephone: 405-767-0522
Facsimile: 405-767-0529
ATTORNEY FOR PLAINTIFF
Mikearnett 1@gmail.com

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

## CERTIFICATE OF SERVICE

This will certify that on this 16th day of November, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Carri A. Remillard
Rodney J. Heggy
Aaron Etherington
Oklahoma County District Attorney's Office
320 Robert S. Kerr, Rm. 606
Oklahoma City, OK 73102
*Attorney for Defendants*
*Oklahoma County Sheriff's Office and*
*Board of Oklahoma County Commissioners*

Wolf Dale Safko
19751 Ancestor Place
Harrah, OK 73045
*Defendant, Pro Se*

Amberli Kuna
MBCC C2C 208
29501 Kickapoo Road
McLoud, OK 74851
*Plaintiff*

/s/ M. Michael Arnett
M. Michael Arnett